IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

LILAUTI RAMCHAND,                       *

     Plaintiff,                        *

     v.                                *       CIVIL NO.: WDQ-14-1986

SAI ROCKVILLE L, LLC, et al.,           *

     Defendants.                       *

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Lilauti Ramchand sued Lexus of Rockville ("Lexus"), Toyota Motor North America, Inc. ("Toyota"), and Lexus Customer Convenience System, LLC ("LCCS") (collectively, the "Defendants") in the Circuit Court for Baltimore City, alleging product liability and breach of warranty. ECF No. 2. Toyota removed the suit to this Court. ECF No. 1. Pending are (1) Toyota's motions to dismiss the complaint for failure to state a claim, and to strike, ECF Nos. 6, 25, (2) Lexus's motion to dismiss, ECF No. 15, and (3) Ramchand's motion for order to show cause, ECF No. 17.[1] No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the Court will remand the suit to the Circuit Court because it lacks subject matter jurisdiction.

---

[1] Lexus and Ramchand's motions were filed in the Circuit Court for Baltimore City. After removal, the motions were transferred to this Court's docket.

I. Background[2]

Lexus[3] is a car dealership located in Rockville, Maryland, which sells, distributes, and markets Lexus brand Toyota Motor products. ECF No. 2 ¶ 2. Toyota is a Corporation organized under California law. *Id.* ¶ 3.[4] Ramchand is a resident of Silver Spring, Maryland. *Id.* ¶ 1.

On October 11, 2010, Ramchand was a passenger in a Lexus RX 350 car lent to the driver by LCCS, and which was involved in an accident. *Id.* ¶¶ 8-10. The car was manufactured by Toyota, but

---

[2] The facts are from the complaint. ECF No. 2. The propriety of removal is determined according to the complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).

[3] The complaint refers to Lexus as a Maryland Corporation with its principal place of business in Rockville, Maryland. *Id.* ¶ 2. However, Lexus's motion to dismiss was submitted by "SAI Rockville L, LLC, trading as Lexus of Rockville." ECF No. 15 at 1. Toyota's supplemental response to the Court's standing order concerning removal confirms that Lexus is a limited liability company, and that its sole member is SAI MD HC1, Inc., a Maryland Corporation. *See* ECF No 29 ¶ 2. Because a limited liability company is a citizen of the states of which its members are citizens, *see Gen. Tech. Applications, Inc. v. Exro Ltds*, 388 F.3d 114, 120 (4th Cir. 2004), Lexus is a Maryland citizen. The Clerk will be directed to correct Lexus's name on the docket to "SAI Rockville L, LLC."

[4] Ramchand alleges that LCCS "is a subsidiary and/or affiliate of" Lexus and Toyota. ECF No. 2 ¶ 4. Ramchand does not allege where LCCS's principal place of business is located, or in which state it is organized. *See id.* According to Toyota, LCCS "is a program administered by Lexus," not a separate legal entity, and it cannot be sued or served with process. ECF Nos. 10 ¶ 1; 29 ¶ 1. Because remand is required in light of the absence of diversity between Ramchand and Lexus, the legal status--and location of LCCS--need not be determined.

2

sold and serviced by Lexus. *Id.* ¶ 8; *see also id.* ¶ 16. During the accident, Ramchand's seatbelt unbuckled, the doors opened, and Ramchand was ejected from the car. *Id.* ¶¶ 9, 17, 21.

As a result of the accident, Ramchand "suffered serious injuries to her left knee and other parts of her body," requiring surgery and physical therapy, "and is permanently partially disabled." *Id.* ¶ 18; *see also id.* ¶ 10. Ramchand is unable to live independently, and has "become dependent on assistance." *Id.* ¶ 10. The car "was in the same condition of manufacture when [Ramchand] was a passenger." *Id.* ¶¶ 16, 20.

Defendants made express and implied warranties "that the automobile and components were merchantable, fit for the intended purpose[,] and safe for normal use, that Ramchand relied upon. *Id.* ¶¶ 24-25. The Defendants' breach of warranty resulted in Ramchand's injuries. *Id.* ¶ 27-28.

On October 11, 2013, Ramchand sued the Defendants in the Circuit Court for Baltimore City. ECF Nos. 1 ¶ 1; 2. On June 19, 2014, Toyota removed to this Court under 28 U.S.C. §§ 1332(a)(1) and 1441(b). ECF No. 1.

II. Analysis

A.  Legal Standard for Subject Matter Jurisdiction

The Court begins, "as [it] must in a diversity case, by examining the basis for jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999); *see also Brickwood Contractors,*

*Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised . . . *sua sponte* by the court."); *State v. Ivory*, 906 F.2d 999, 1000 (4th Cir. 1990) (*sua sponte* reversing district court's judgment on the merits for lack of subject matter jurisdiction, and remanding with instructions to remand to state court).[5] The removing party has the burden of proving subject matter jurisdiction. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Id.*

    B.   The Court's Subject Matter Jurisdiction

Toyota contends that this Court may disregard Lexus's Maryland citizenship, and exercise diversity jurisdiction, because Ramchand's service of process on Lexus "was improper under the Maryland Rules," and as Lexus was fraudulently joined. ECF No. 1 ¶¶ 7-8, 10.

        1. Service of Process

Under 28 U.S.C. § 1441(a)(2012), "any civil action brought in a State court of which the district courts of the United

---

[5] *See also* 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996).

States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing where such action is pending." But, "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332[6]] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Toyota contends that improper service upon Lexus triggered removability under § 1441(b)(2).

In the companion case, *Hack v. SAI Rockville L, LLC, et al.*, Civil No. WDQ-14-1985, pp. 6-7,[7] this Court held that when--as here--nondiverse parties are named in the complaint, the suit was not "otherwise removable" under § 1441(b)(2; thus, improper service on Lexus failed to establish the diversity required for removability.[8] That same reasoning applies here. Therefore,

---

[6] Under 28 U.S.C. § 1332(a)(1)(2012), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

[7] Somaria Hack was another passenger in the vehicle, who sustained injuries similar to Ramchand in the accident. *See Hack*, Civil No. WDQ-14-1985, p. 3.

[8] Additionally, the Court sided with others holding that § 1441(b)(2) did not override the U.S. Supreme Court's pronouncement in *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38, 541 (1939), that lack of service on a resident defendant "does

unless Lexus was fraudulently joined, complete diversity was lacking, and this Court lacks jurisdiction. *See Workman*, 676 F. Supp. at 694; *Justice*, No. CIV.A. 2:08-230, 2009 WL 853993, at *5.

### 2. Fraudulent Joinder

The doctrine of fraudulent joinder[9] allows a federal court to "disregard, for jurisdiction purposes, the citizenship of certain [in-state] defendants, assume jurisdiction over a case, dismiss th[ose] defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).[10] As the party asserting fraudulent joinder, Toyota has the burden to "demonstrate either outright fraud in the

---

not justify removal by the non-resident defendant." *See Hack*, WDQ-14-1985, pp. 8-10.

[9] "Fraudulent joinder" is a legal term of art. *AIDS Counseling & Testing Ctr's v. Grp. W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990). "[I]t does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or *in fact* no cause of action exists." *Id.* (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979)).

[10] *See also Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 745 (2014)("We have held, for example, that a plaintiff may not keep a case out of federal court by fraudulently naming a nondiverse defendant.") (*citing Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 185-186, (1907)); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (applying the fraudulent joinder rule to party asserting that an in-state defendant had been fraudulently joined), *quoted in Mayes*, 198 F.3d at 464.

plaintiff's pleading or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, . . . even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and citation omitted). The Court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks omitted).[11]

Toyota asserts that Lexus was fraudulently joined because the Graves Amendment, 49 U.S.C. § 30106 (2012), absolves Lexus's liability. ECF No. 1 ¶ 9(a)-(f). The Graves Amendment provides that:

> [a]n owner of a motor vehicle that rents or leases the vehicle to a person . . . shall not be liable under the law of any State . . . by reason of being the owner of the vehicle . . . , for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--

---

[11] That a complaint would not survive a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not mean that that defendant has been fraudulently joined: the standard is more favorable than the 12(b)(6) standard. *Id.* at 424. If there is any possibility of recovery, the defendant has not been fraudulently joined. *Id.* The Court may "consider the entire record," not only the complaint, to "determine the basis of joinder by any means available." *AIDS Counseling & Testing Ctr's*, 903 F.2d at 1004. But, it may not act as a factfinder or "delve too far into the merits in deciding a jurisdictional question." *Hartley*, 187 F.3d at 425.

> (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a). An "owner" is a person who is:

> (A) a record or beneficial owner, holder of title, lessor, or lessee of a motor vehicle;
> (B) entitled to the use and possession of a motor vehicle subject to a security interest in another person; or
> (C) a lessor, lessee, or a bailee of a motor vehicle, in the trade or business of renting or leasing motor vehicles, having the use or possession thereof, under a lease, bailment, or otherwise.

Id. § 30106(d)(2).

According to Toyota, because Ramchand has alleged that Lexus was a lessor (and, thus, an owner) of Lexus brand cars, but has not alleged that Lexus was negligent, the Graves Amendment bars recovery. See ECF Nos. 1 ¶ 9(e)-(f); 2 ¶ 2. In Hack, WDQ-14-1985, pp. 12-15, the Court held that although the Graves Amendment bars recovery based on vicarious liability, it does not bar recovery based on theories of direct liability. Like Hack, Ramchand appears to hold Lexus directly liable for breach of warranty,[12] and for defective warnings.[13]  ECF No. 2 at

---

[12] Under Maryland law, "a breach of warranty suit is a contract action." Owens-Illinois, Inc. v. Zenobia, 601 A.2d 633, 653 n.22 (Md. 1992).

[13] Although the count is captioned "product liability--defect in warning," Maryland recognizes negligent failure to warn claims. See Desrosiers v. MAG Indus. Automation Sys., LLC, No. CIV. WDQ-07-2253, 2010 WL 4116991, at *7 (D. Md. Oct. 19, 2010). Although it is not clear whether Ramchand is alleging strict failure to warn, or negligent failure to warn, the standard to

5-6. Because Ramchand has alleged theories of direct liability against Lexus, there is, at the very least, a "glimmer of hope" for relief. See Mayes, 198 F.3d at 466. Thus, the fraudulent joinder doctrine does not apply, and removal was improper.[14]

III. Conclusion

For the reasons stated above, the Court lacks subject matter jurisdiction, and will remand the suit to the Circuit Court for Baltimore City.

_____2/24/15_____          _____/s/_____
Date                         William D. Quarles, Jr.
                             United States District Judge

---

be applied in failure to warn cases sounding in strict liability and negligence is the same. See Kennedy v. Mobay Corp., 579 A.2d 1191, 1198 (Md. 1990). Thus, it is possible that Ramchand may hold Lexus directly liable for its failure to warn, further removing this suit from the protections afforded by the Graves Amendment. See Hagen, 613 F. Supp. 2d at 1000. In so finding, the Court is not bound to consider whether Ramchand's allegations about the defective warning would survive a motion to dismiss. See Hartley, 187 F.3d at 424. Provided recovery is possible (not, probable), application of the fraudulent joinder doctrine is inappropriate. Id.

[14] The Court's conclusion does not prevent Lexus from raising the Graves Amendment as a defense in state court. At this stage, however, this Court is bound to resolve any doubts about removal in favor of remand. Mayes, 198 F.3d at 466.